UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL COLLINS IHEME,

        Plaintiff,

v.

HENNEPIN COUNTY SHERIFF
DEPARTMENT, and
HENNEPIN COUNTY MEDICAL CENTER
UROLOGY DEPARTMENT,

        Defendant.

---

Civil No. 12-2271 (DWF/JJK)

**REPORT AND RECOMMENDATION**

Plaintiff, a Minnesota prison inmate, commenced this action by filing a civil complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Because Plaintiff is a prisoner, he is subject to the initial partial filing fee requirement prescribed by 28 U.S.C. § 1915(b)(1). On September 25, 2012, Plaintiff was ordered to pay an initial partial filing fee of $15.62 within twenty (20) days. (Docket No. 4.) Plaintiff did not pay his initial partial filing fee as ordered, but he instead filed a motion asking to be excused from paying that fee. (Docket No. 5.)

Based on the representations made in Plaintiff's motion, the Court now finds that Plaintiff has "no assets and no means" by which he can pay an initial partial filing fee. See 28 U.S.C. § 1915(b)(4). The Court will therefore recommend that Plaintiff's motion to be excused from paying his initial partial filing fee be granted. However, the Court will also recommend that Plaintiff's IFP application be denied, and that this action be

summarily dismissed, for the reasons discussed below.

**I. BACKGROUND**

Plaintiff is attempting to sue two Defendants identified as "Hennepin County Sheriff Department," (hereafter "the Sheriff's Department"), and "Hennepin County Medical Center Urology Department" (hereafter "HCMC-Urology Department"). The caption of Plaintiff's complaint indicates that Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights.

Plaintiff allegedly contracted some undisclosed form of cancer while he was being held as a pre-trial detainee at the Hennepin County Jail in 2008 and 2009.[1] He alleges that he was seen by someone named "Dr. Smith" at HCMC-Urology Department, and Dr. Smith allegedly recommended that Plaintiff should have an operation. However, the operation allegedly was not performed until a year later, by which time Plaintiff was being detained in a different institution – presumably a state prison. As a result of that delay, Plaintiff alleges, the operation required a "wider and deeper cut." (Complaint, [Docket No. 1], p. 4 [as numbered by the Clerk].)

Plaintiff further alleges that someone referred to as "Sheriff Medical" came to court while Plaintiff was on trial, and disclosed Plaintiff's cancer diagnosis without getting Plaintiff's permission to do so. (Id., p. 5.) It is further alleged that "they put pressure" on Plaintiff to get him to agree to postpone his operation, and that "Sheriff Clinic" injected Plaintiff with medication without a prescription, which threatened his life. (Id.)

---

[1] Plaintiff shot and killed his wife on July 24, 2008, and he was convicted of second degree murder sometime thereafter. See State v. Iheme, No. A09-1225, (Minn.App. 2010), 2010 WL 2265667 (unpublished opinion), rev. denied, Aug. 10, 2010.

Plaintiff alleges that he repeatedly informed "the Sheriff Medical Unit that he was in pain and needed his surgery," but his messages were "to no avail." (Id., p. 6.) He broadly alleges that he "was denied access to Sheriff's medical doctor Unit and HCMC doctor in order to prevent him from being treated." (Id.) According to the complaint, "the sheriff medical unit and the doctor" told Plaintiff that he had been scheduled for surgery, but that turned out to be a lie and "a deception," because, in fact, no surgery was scheduled. (Id.) The complaint states that "[t]he Sheriff Department Medical Unit also connived with Hennepin Public Defenders" to persuade Plaintiff to postpone his surgery until after his trial was over, so the surgery could be performed in prison. (Id.)

As previously noted, Plaintiff is bringing this action under 42 U.S.C. § 1983, which means that he is attempting to sue Defendants for allegedly violating his federal constitutional rights. See McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) ("[t]o recover under § 1983, a plaintiff must prove (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right") (citations omitted). Plaintiff is seeking a judgment in this case for $5,000,000, plus an additional $5,000,000 in punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental defendants, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute requires federal courts to review every prisoner complaint brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which aspects of the

3

complaint are actionable and should be allowed to proceed. If a complaint fails to state a cause of action on which relief can be granted, the case must be dismissed. 28 U.S.C. § 1915A(b)(1).

The Court initially finds that Plaintiff's complaint is defective because at least one of the named Defendants – the Sheriff's Department, is not a cognizable legal entity that has the capacity to be sued. Although the capacity of a sheriff's department to be sued must ultimately be determined by state law, (Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), citing Fed. R. Civ. P. 17(b)), most courts that have considered the issue have found that a sheriff's department, (like a police department), lacks the capacity to be sued as an independent entity. Id. at 1215 ("county sheriff's department lacks the capacity to be sued"); Bradford v. Gardner, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) ("the Sheriff's department itself is not a suable entity under § 1983"); Cote v. Kontos, No. 88 C 4751, (N.D.Ill 1989), 1989 WL 10854 at *4 ("[t]he Sheriff's Department of each of these counties does not have a legal existence separate from the county and the Sheriff and therefore is not a suable entity"); Jacobs v. Port Neches Police Dep't, 915 F.Supp. 842, 844 (E.D.Tex. 1996) ("[b]ecause there is no indication that the 'Jefferson County Sheriff's Department' enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed").

There is no reason to believe that the legal status of a sheriff's department is different in Minnesota than it is in other states. Indeed, other courts have specifically ruled that a Minnesota sheriff's department is not a suable entity. See In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota

4

sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989); De La Garza v. Kandiyohi County Jail, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (unpublished opinion) (affirming summary dismissal of prisoner civil rights action against a Minnesota county jail and a Minnesota county sheriff's department, "because neither named party was a suable entity"). Thus, the Court finds that the Hennepin County Sheriffs Department is not a legal entity that can be sued as such.[2]

More importantly, Plaintiff has not alleged any facts showing that the named Defendants, (if they are suable entities), were directly responsible for any violation of Plaintiff's federal constitutional rights. Plaintiff has not described any specific acts or omissions, by the named Defendants themselves, that violated the Constitution. Instead, it is evident that Plaintiff is attempting to hold the named Defendants vicariously liable for some allegedly unconstitutional wrongdoing by their employees and agents.

It is well settled, however, that "respondeat superior is inapplicable to claims under 42 U.S.C. § 1983." Bell v. Kansas City Police Dept., 635 F.3d 346, 347 (8th Cir. 2011). In other words, in a § 1983 action, a governmental entity cannot be held vicariously liable for constitutional violations committed by its employees or agents. In order to state an actionable § 1983 claim against such an entity, the complainant must describe a set of facts showing what the named defendant itself actually did (or failed to do), by the entity's own practices or procedures, which allegedly violated the complainant's constitutional rights. See Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009) ("[t]o establish

---

[2] It also seems doubtful that the other named Defendant, i.e., "the Urology Department," is a distinct legal entity that has the capacity to be sued. It seems more likely that "the Urology Department" is simply a term that HCMC uses, for administrative convenience, to identify a certain component of its facilities and medical services.

5

municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity"). Plaintiff has not alleged any such facts here. Therefore, he has failed to plead any actionable § 1983 claim against either of the named Defendants.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court will also recommend that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff must remain liable for the unpaid balance of the $350 filing fee.³ Plaintiff has not yet paid any fee in this matter, so he still owes the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Because Plaintiff has not pleaded an actionable claim for relief, the Court

---

³ Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

will further recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's motion to be excused from paying an initial partial filing fee, (Docket No. 5), be **GRANTED**;

2. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: November 5, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 20, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.